UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| ERIKA THORNTON, individually and on behalf of all others similarly situated in Missouri,<br><br>    Plaintiff,<br><br> vs.<br><br>PINNACLE FOODS GROUP LLC,<br><br>    Defendant. | Case No. _____<br><br>JURY TRIAL DEMANDED |

### NOTICE OF REMOVAL

Defendant Pinnacle Foods Group LLC ("Pinnacle" or "Defendant") files this notice of removal of this action from the Circuit Court of the City of St. Louis, Missouri, to the United States District Court for the Eastern District of Missouri, Eastern Division, pursuant to 28 U.S.C. §§ 1332(a), 1332(d), and 1441.

**I. INTRODUCTION**

1. This matter alleges violations of the Missouri Merchandising Practices Act ("MMPA") and unjust enrichment in connection with the sale of Pinnacle's Duncan Hines Simple Mornings Blueberry Streusel Premium Muffin Mix (the "Mix").

2. The Petition ("Complaint" or "Compl.") was filed in the Circuit Court of the City of St. Louis on or about January 8, 2016.

3. Plaintiff is Erika Thornton ("Thornton" or "Plaintiff"), a resident of the City of St. Louis, Missouri. (Compl. ¶ 7.)[1]

---

[1] The Complaint incorrectly contains two paragraphs numbered 7.  This refers to the first of these paragraphs.

4. Defendant is Pinnacle Foods Group LLC, a Delaware limited liability company with its principal place of business in New Jersey. (*See* Compl. ¶ 8.)[2]

5. Plaintiff seeks an unspecified amount of compensatory damages and costs, and attorneys' fees for herself and on behalf of a proposed class of "[a]ll persons in Missouri who purchased [the Mix] for personal, household, or family purposes in the five years preceding the filing of this Petition." (Compl. ¶ 25); (*see also* Prayer for Relief.)

6. On January 13, 2016, Pinnacle accepted service of the Complaint. A true and correct copy of all process, pleadings, orders, and other documents on file in the state court are attached hereto as **Exhibit A**.

7. In accordance with 28 U.S.C. § 1446(d), Pinnacle is filing with the state court, and serving on Plaintiff, a Notice of Filing Notice of Removal. A true and correct copy of the Notice of Filing Notice of Removal is being filed concurrently.

8. This case may be removed pursuant to 28 U.S.C. § 1332(d) as it is a proposed class action in which there is minimal diversity and the amount in controversy exceeds $5,000,000, exclusive of interest and costs.

## II. VENUE

9. Venue is proper in this Court under 28 U.S.C. § 1441(a) because the removed action was filed in the Circuit Court of the City of St. Louis, Missouri, a court encompassed by the Eastern District of Missouri, Eastern Division.

## III. REMOVAL PURSUANT TO CLASS ACTION FAIRNESS ACT OF 2005

10. Under the Class Action Fairness Act ("CAFA"), federal district courts have original jurisdiction when: (1) the putative class consists of at least 100 members; (2) the

---

[2] The Complaint incorrectly contains two paragraphs numbered 8. This refers to the first of these paragraphs.

citizenship of at least one proposed member of the class is different from that of Defendant; and (3) the aggregated amount in controversy exceeds $5,000,000, exclusive of interest and costs.  28 U.S.C. § 1332(d).

### A. There Are More Than 100 Putative Class Members

11. Plaintiff purports to represent a class of: "All persons in Missouri who purchased [the Mix] for personal, household, or family purposes in the five years preceding the filing of this Petition."  (Compl. ¶ 25.)

12. Plaintiff admits that the proposed class consists of "hundreds of purchasers." (Compl. ¶ 27.)

13. Consequently, there are more than 100 putative class members.

### B. Minimal Diversity Exists Between the Parties

14. Upon information and belief, at the time this lawsuit was filed and at all times since, Plaintiff was and is a citizen of Missouri.  (*See* Compl. ¶ 7.)[3]

15. At the time this lawsuit was filed and at all times since, Pinnacle Foods Group LLC was and is a limited liability company existing under the laws of Delaware, with its principal place of business in New Jersey.  All of the membership interest of Pinnacle was and is owned by Pinnacle Foods Finance LLC. Pinnacle Foods Finance LLC is a limited liability company existing under the laws of Delaware with its principal place of business in New Jersey. All of the membership interest of Pinnacle Foods Finance LLC was and is owned by Peak Finance Holdings LLC. Peak Finance Holdings LLC is a limited liability company existing under the laws of Delaware with its principal place of business in New Jersey.  All of the membership interest of Peak Finance Holdings LLC was and is owned by Pinnacle Foods Inc.

---

[3] This refers to the first paragraph 7.

Pinnacle Foods Inc. is a publicly-traded Delaware corporation with its principal place of business in New Jersey. Thus, Pinnacle's citizenship is the same as Pinnacle Foods Inc's citizenship. Therefore, at the time this action was filed and at all times since, Pinnacle was a citizen of Delaware and New Jersey. 28 U.S.C. § 1332(c)(1).

16. Because Plaintiff is a citizen of Missouri, and Defendant is a citizen of Delaware and New Jersey, there is minimal diversity.

### C. The Amount in Controversy Exceeds $5 Million in the Aggregate

17. Under 28 U.S.C. § 1332(d)(2), an action is removable under CAFA only when "the matter in controversy exceeds the sum or value of $5,000,000 …." To determine whether the matter in controversy exceeds the sum or value of $5,000,000, "the claims of the individual class members shall be aggregated." 28 U.S.C. § 1332(d)(6).

18. Here, the Complaint tries to plead around the $5 million threshold by stating that the "value of Plaintiff's claims . . . inclusive of costs and attorneys' fees is far less than the five million dollar minimum threshold to create federal court jurisdiction …." (Compl. ¶ 8.)[4] Plaintiff, however, does not get to make this determination, because a plaintiff "who files a proposed class action cannot legally bind members of the proposed class before the class is certified." *Standard Fire Ins. Co. v. Knowles*, 133 S. Ct. 1345, 1349 (2013) (holding that plaintiff's stipulation not to seek damages exceeding $5 million "does not bind anyone but himself" and thus "has not reduced the value of the putative class members' claims"). Nor has Plaintiff submitted any such binding stipulation. *See Bell v. Hershey Co.*, 557 F.3d 953, 958 (8th Cir. 2009).

19. For purposes of removal, Defendant needs only to make a "plausible allegation"

---

[4] This refers to the second paragraph 8.

that the amount in controversy exceeds $5 million. *See Dart Cherokee Basin Operating Co., LLC v. Owens*, 135 S. Ct. 547, 554 (2014). A removing defendant is no longer required to submit evidence in support of those allegations. *Id.* Once a defendant makes this showing, "the case belongs in federal court unless it is legally impossible for the plaintiff to recover that much." *Raskas v. Johnson & Johnson*, 719 F.3d 884, 888 (8th Cir. 2013).

20. Assuming the truth of the allegations in the Complaint, there is more than $5 million in controversy, as required for removal by 28 U.S.C. § 1332(d)(2).

21. Plaintiff purports to represent "[a]ll persons in Missouri" who, over the past five years, purchased the Mix, and she estimates that the proposed class consists of "hundreds of purchasers." (Compl. ¶¶ 25, 27.)

22. Among the relief Plaintiff seeks is a "refund of the purchase price she paid for the Mix," which she alleges was $3.58 and which is "typical" of the price paid by all proposed class members. (Compl. ¶¶ 7-8.)[5] The retail sales for the Mix in the State of Missouri within the past five years exceed $630,000. This total does not include sales from certain other retailers, such as Wal-Mart, so the actual total retail sales of the Mix within the past five years is far higher than $630,000.

23. Plaintiff also seeks attorneys' fees in this matter. (Compl. Prayer for Relief ¶ e.) For purposes of determining whether CAFA's $5 million threshold has been exceeded, attorneys' fees are included. *See Chochorowski v. Home Depot USA*, 585 F. Supp. 2d 1085, 1093 (E.D. Mo. 2008) ("Defendant is correct that in determining the amount in controversy ... attorney's fees are considered.").

24. Attorneys' fees in an MMPA class action can be significant. Indeed, the Missouri

---

[5] This refers to paragraphs 7 and 8 under "Jurisdiction and Venue."

Supreme Court has affirmed attorneys' fees exceeding $6 million on actual damages well below the more than $630,000 in retail sales here. *Berry v. Volkswagen Grp. of America, Inc.*, 397 S.W.3d 425, 429 (Mo. banc 2013) (affirming trial court's award of $6,174,640 in attorneys' fees under the MMPA when total payout to 130 class members was $125,261).

25. Punitive damages may also be considered in determining whether damages exceed $5 million under CAFA. *See Raskas*, 719 F.3d at 887. While Plaintiff does not presently seek punitive damages, Plaintiff or an intervening class member may amend the Complaint to seek punitive damages at a later date. *See Knowles*, 133 S. Ct. at 1349. Under Missouri law, punitive damages on an MMPA claim are capped at the "*greater* of: (1) Five hundred thousand dollars; or (2) Five times the net amount of the judgment awarded to the plaintiff against the defendant." Mo. Rev. Stat. § 510.265 (emphasis added). "[J]udgment" for purposes of calculating punitive damages includes the attorneys' fee award. *Raskas*, 719 F.3d at 887 (citing *Hervey v. Mo. Dep't of Corr.*, 379 S.W.3d 156, 165 (Mo. banc 2012)).

26. In MMPA cases, punitive damage awards are common and can be substantial. *See, e.g.*:

- *Kerr v. Ace Cash Experts, Inc.*, No. 4:10 CV 1645 DDN, 2010 WL 5177977, at *2 (E.D. Mo. Dec. 14, 2010) (considering the possibility of more than $4.4 million in attorneys' fees and punitive damages based upon allegations of $594,000 in actual damages);

- *Bass v. Carmax Auto Superstores, Inc.*, No. 07-0883-CV-W-ODS, 2008 WL 441962, at *2 (W.D. Mo. Feb. 14, 2008) (noting that if 4,419 Missouri class members had total actual damages of $658,431, the "total of punitive damages and attorney fees could easily (and legally) be sufficient to bring the total

6

    amount in controversy over the [$5 million] jurisdictional requirement");

- *Dowell v. Debt Relief Am., L.P.*, No. 2:07-CV-27 (JCH), 2007 WL 1876478, at *2 (E.D. Mo. June 27, 2007) (denying remand after considering two prior judgments in MMPA cases and noting that "juries are inclined to assess large punitive damages awards in MMPA cases").

27. As a result of the volume of Mix sold over the past five years and the possibility of substantial awards of attorneys' fees and punitive damages, the total amount in controversy exceeds $5 million.

## IV.   DEFENDANT HAS COMPLIED WITH ALL PREREQUISITES FOR REMOVAL

28. Pursuant to 28 U.S.C. § 1446(a) and Local Rule 81-2.03, attached hereto and marked as Exhibit A is a true and correct copy of all process, pleadings, orders, and other documents on file in the state court.

29. Pursuant to 28 U.S.C. § 1446(d), promptly upon filing of this Notice of Removal, copies thereof will be sent to Plaintiff's counsel and filed with the Clerk of the Court in the state court action.

30. Defendant reserves the right to amend or supplement this Notice of Removal, and reserve all rights and defenses, including those available under Federal Rule of Civil Procedure 12.

31. This Notice of Removal is timely because it was filed within 30 days of Defendant being served. 28 U.S.C. § 1446(b). Pinnacle accepted service of the Summons and Complaint on January 13, 2016.

WHEREFORE, Defendant Pinnacle Foods Group LLC gives notice of the removal of this action from the Circuit Court of the City of St. Louis, Missouri, to the United States District

Court for the Eastern District of Missouri, Eastern Division.


Dated:  February 5, 2016               Respectfully submitted,

                                                                            SHOOK, HARDY & BACON L.L.P.

                                          By:  /s/ James P. Muehlberger
                                                   James P. Muehlberger, #51346MO
                                                   Douglas B. Maddock, Jr., #53072MO
                                                   2555 Grand Blvd.
                                                   Kansas City, MO 64108
                                                   Telephone:  (816) 474-6550
                                                   Facsimile:  (816) 421-5547
                                                   jmuehlberger@shb.com
                                                   dmaddock@shb.com

                                                   *Attorneys for Defendant*
                                                   *Pinnacle Foods Group LLC*

## **CERTIFICATE OF SERVICE**

I hereby certify that on February 5, 2016, the foregoing document was served upon the following via the Court's electronic filing system, electronic mail, and/or U.S. Mail, postage prepaid:

> Matthew H. Armstrong
> Armstrong Law Firm LLC
> 8816 Manchester Rd., No. 109
> St. Louis MO 63144
> matt@mattarmstronglaw.com
>
> *Attorney for Plaintiff*

          /s/ James P. Muehlberger
          *Attorney for Pinnacle Foods Group LLC*

7393396 v3