# EXHIBIT A




Select Search Method...

Judicial Links    |    eFiling    |    Help    |    Contact Us    |    PrintGrantedPublicAccess    Logoff JPMUEHLBERGER

1622-CC00045 - ERIKA THORNTON V PINNACLE FOODS GROUP LLC (E-CASE)

| Case Header | Parties & Attorneys | Docket Entries | Charges, Judgments & Sentences | Service Information | Filings Due | Scheduled Hearings & Trials | Civil Judgments | Garnishments/ Execution |

This information is provided as a service and is not considered an official court record.

Sort Date Entries:                                                          Display Options: All Entries

https://www.courts.mo.gov/casenet/cases/searchDockets.do                                                2/5/2016

Click here to eFile on Case                                           ● Descending
Click here to Respond to Selected Documents                           ○ Ascending

**01/15/2016**  ☐ **Jury Trial Scheduled**
           **Scheduled For:** 07/18/2016; 9:00 AM ; BRYAN L HETTENBACH; City of St. Louis

**01/08/2016**  ☐ Notice/Acknowledgement Issued
           Document ID: 16-NASM-4, for PINNACLE FOODS GROUP LLC.

           ☐ Summons Issued-Reg/Cert Mail
           Document ID: 16-SMCM-3, for PINNACLE FOODS GROUP LLC.

           ☐ **Filing Info Sheet eFiling**
                **Filed By:** MATTHEW HALL ARMSTRONG

           ☐ **Note to Clerk eFiling**
                **Filed By:** MATTHEW HALL ARMSTRONG

           ☐ Pet Filed in Circuit Ct
           Petition and Jury Demand; Request for Summons for Service by Mail; Entry of Appearance.
                **Filed By:** MATTHEW HALL ARMSTRONG
                **On Behalf Of:** ERIKA THORNTON

           ☐ **Judge Assigned**



# IN THE 22ND JUDICIAL CIRCUIT COURT, CITY OF ST LOUIS, MISSOURI

| Judge or Division:<br>BRYAN L HETTENBACH | Case Number: 1622-CC00045 |
|---|---|
| Plaintiff/Petitioner:<br>ERIKA THORNTON<br><br>vs. | Court Address:<br>CIVIL COURTS BUILDING<br>10 N TUCKER BLVD<br>SAINT LOUIS, MO  63101 |
| Defendant/Respondent:<br>PINNACLE FOODS GROUP LLC | |
| Nature of Suit:<br>CC Other Tort | (Date File Stamp) |

## Notice and Acknowledgement for Service by Mail
(Circuit Division Cases)

### Notice

**To:  PINNACLE FOODS GROUP LLC**
C/O RAGT THE CORPORATION
TRUST COMPANY
1209 ORANGE STREET
WILMINGTON, DE  19801

   The enclosed summons and petition are served pursuant to Missouri Supreme Court Rule 54.16.

   You may sign and date the acknowledgement part of this form and return one copy of the completed form to the sender within thirty days of 08-JAN-2016.

   If you are served on behalf of a corporation, unincorporated association, including a partnership, or other entity, you must indicate under your signature your relationship to that entity.  If you are served on behalf of another person and you are authorized to receive process, you must indicate under your signature your authority.

   If you do not complete and return the form to the sender within thirty days, you or the party on whose behalf you are being served may be required to pay any expenses incurred in serving a summons and petition in any other manner permitted by law.

   If you do complete and return this form, you or the party on whose behalf you are being served must answer the petition within thirty days of the date you sign in acknowledgment below.  If you fail to do so, judgment by default may be taken against you for the relief demanded in the petition.

   **I declare, under penalty of perjury, that this notice was mailed on 08-JAN-2016.**

_____
Signature

### Acknowledgment of Receipt of Summons and Petition

   I declare, under penalty of filing a false affidavit, that I received a copy of the Summons and of the Petition in the above captioned matter.

_____    _____
Date                                                  Signature

_____
Relationship to Entity/Authority to receive service of process



# IN THE 22ND JUDICIAL CIRCUIT COURT, CITY OF ST LOUIS, MISSOURI

| Judge or Division:<br>BRYAN L HETTENBACH | Case Number: 1622-CC00045 |
|---|---|
| Plaintiff/Petitioner:<br>ERIKA THORNTON<br><br>vs. | Plaintiff's/Petitioner's Attorney/Address:<br>MATTHEW HALL ARMSTRONG<br>8816 MANCHESTER RD<br>SUITE 109<br>SAINT LOUIS, MO  63144 |
| Defendant/Respondent:<br>PINNACLE FOODS GROUP LLC | Court Address:<br>CIVIL COURTS BUILDING<br>10 N TUCKER BLVD<br>SAINT LOUIS, MO  63101 |
| Nature of Suit:<br>CC Other Tort | (Date File Stamp) |

## Summons for Service by Registered or Certified Mail

**The State of Missouri to:** PINNACLE FOODS GROUP LLC
                                           Alias:

C/O RAGT THE CORPORATION
TRUST COMPANY
1209 ORANGE STREET
WILMINGTON, DE  19801

**COURT SEAL OF**



**CITY OF ST LOUIS**

You are summoned to appear before this court and to file your pleading to the petition, copy of which is attached, and to serve a copy of your pleading upon the attorney for the Plaintiff/Petitioner, or Plaintiff/Petitioner, if pro se, at the above address all within 30 days after the return registered or certified mail receipt signed by you has been filed in this cause. If you fail to file your pleading, judgment by default will be taken against you for the relief demanded in the petition.

**January 08, 2016**                                                    *Thomas Kloeppinger*
Date Issued                                                                            Clerk

Further Information:

### Certificate of Mailing

I certify that on _____ (date), I mailed a copy of this summons and a copy of the petition to Defendant/Respondent  PINNACLE FOODS GROUP LLC by registered or certified mail, requesting a return receipt by the addressee only, to the said Defendant/Respondent at the address furnished by Plaintiff/Petitioner.

_____
Date

## IN THE CIRCUIT COURT OF THE CITY OF ST. LOUIS, MISSOURI

| | |
|---|---|
| ERIKA THORNTON, individually and on on behalf of all others similarly situated in Missouri, ) ) ) ) | |
| Plaintiff, ) ) | No. _____ |
| v. ) ) | |
| PINNACLE FOODS GROUP LLC, ) ) | **JURY TRIAL DEMANDED** |
| Defendant. ) ) | |
| Serve by Mail: ) ) | |
| Pinnacle Foods Group LLC c/o The Corporation Trust Company RAGT 1209 Orange Street Wilmington DE 19801 ) ) ) ) ) | |

### PETITION

Plaintiff, Erika Thornton, individually and on behalf of all others similarly situated in Missouri, alleges the following facts and claims upon personal knowledge, investigation of counsel, and information and belief.

### CASE SUMMARY

1. This case arises out of Defendant Pinnacle Food Group LLC's ("Pinnacle" or "Defendant") deceptive, unfair, and false merchandising practices regarding its Duncan Hines Simple Mornings Blueberry Streusel Premium Muffin Mix (the "Mix").

2. On the label of the Mix, Defendant prominently represents that the Mix contains "Nothing Artificial."

3. The Mix, however, contains Monocalcium Phosphate and Xanthan Gum (the "Artificial Ingredients"), both of which are artificial, synthetic substances.

1

4. Because the Mix contains the Artificial Ingredients, the representation that the Mix contains "Nothing Artificial" is false, deceptive, and misleading.

5. The "Nothing Artificial" label on the Mix also creates the false impression and has the tendency and capacity to mislead consumers (*see* 15 CSR 60-9.020) into believing that the Mix does not contain any artificial, synthetic ingredients, when in fact the Mix contains the Artificial Ingredients. Moreover, the overall format and appearance of the label of the Mix has the tendency and capacity to mislead consumers (15 C.S.R. 60-9.030) because it creates the false impression that the Mix does not contain any artificial, synthetic ingredients.

6. Plaintiff brings this case to recover damages for Defendant's false, deceptive, and misleading marketing and advertising in violation of the Missouri Merchandising Practices Act ("MMPA") and Missouri common law.

## PARTIES

7. Plaintiff, Erika Thornton, is a resident of the City of St. Louis, Missouri. On at least one occasion during the Class Period (as defined below), including in January 2016, Plaintiff purchased the Mix at Schnucks for personal, family, or household purposes. The purchase price of the Mix was $3.58. Plaintiff's claim is typical of all class members in this regard.

8. Defendant Pinnacle Foods Group LLC is a Delaware LLC with its principal place of business at 399 Jefferson Rd, Parsippany, NJ 07054.

## JURISDICTION AND VENUE

6. This Court has subject matter jurisdiction over this action because the amount in controversy exceeds the minimum jurisdictional limits of the Court.

7. Plaintiff believes and alleges that the total value of her individual claims is, at most, equal to the refund of the purchase price she paid for the Mix, or $3.58.

8. Because the value of Plaintiff's claims is typical of all class members with respect to the value of the claim, the total damages of Plaintiff and Class Members, inclusive of costs and attorneys' fees is far less than the five million dollar ($5,000,000) minimum threshold to create federal court jurisdiction.

9. There is therefore no diversity or CAFA jurisdiction for this case.

10. Defendant cannot plausibly allege that it had sufficient sales of the Mix in Missouri during the Class Period to establish an amount in controversy that exceeds CAFA's jurisdictional threshold.

11. This Court has personal jurisdiction over Defendant pursuant to Missouri Code § 506.500, as Defendant has had more than minimum contacts with the State of Missouri and has purposefully availed itself of the privilege of conducting business in this state. In addition, as explained below, Defendant has committed affirmative tortious acts within the State of Missouri that gives rise to civil liability, including distributing the fraudulent Mix for sale throughout the State of Missouri.

12. Venue is proper in this forum pursuant to Missouri Code § 508.010 because plaintiff's injury occurred in the City of St. Louis and because Defendant is not a resident of this State.

13. Plaintiff and Class Members do not seek to recover punitive damages or statutory penalties in this case.

## ALLEGATIONS OF FACT

14. Defendant manufactures, sells, and distributes baking products, including the Mix.

15. Knowing that consumers like Plaintiff are increasingly interested in purchasing healthy food products that do not contain potentially harmful artificial and synthetic ingredients, Defendant has sought to take advantage of this growing market by labeling certain products as containing "Nothing Artificial." By affixing such a label to the packaging of the Mix, Defendant is able to entice consumers like Plaintiff to pay a premium for the product.

16. The label of the Mix is deceptive, false, and misleading in that Defendant prominently represents that the Mix contains "Nothing Artificial."



4

17. The Mix, however, in fact contains artificial and synthetic ingredients, including the Artificial Ingredients.

18. Monocalcium Phosphate is an inorganic compound that is used as a fertilizer and as a leavening agent. It is manufactured by treating calcium hydroxide with phosphoric acid. 7 C.F.R. 205.605(b) identifies Monocalcium Phosphate as a synthetic substance.

19. Xanthan Gum is a polysaccharide that is produced industrially from carbon sources by fermentation of bacteria. It is used as a food-thickening agent. It can also be used to thicken oil drilling mud. 7 C.F.R. 205.605(b) identifies Xanthan Gum as a synthetic substance.

20. Neither Plaintiff nor any reasonable consumer would expect to find artificial, synthetic ingredients in a product labeled as containing "Nothing Artificial."

21. Neither Plaintiff nor any reasonable consumer would know nor should know that Monocalcium Phosphate and Xanthan Gum are artificial, synthetic ingredients.

22. As a result of Defendant's deceitful label, Defendant was able to charge and Plaintiff paid a premium for the mix.

23. The Mix, moreover, was worth less than it was represented to be, and Plaintiff and Class Members paid extra for it due to the "Nothing Artificial" label.

24. Defendant's misrepresentations violate the MMPA's prohibition of the act, use, or employment by any person of any deception, fraud, false pretense, false promise, misrepresentation, unfair practice or the concealment, suppression, or omission of any material fact in connection with the sale or advertisement of any merchandise in trade or commerce. § 407.020, RSMo.

## CLASS ALLEGATIONS

25.  Pursuant to Missouri Rule of Civil Procedure 52.08 and § 407.025.2 of the MMPA, Plaintiff brings this action on her own behalf and on behalf of a proposed class of all other similarly situated persons ("Class Members" of the "Class") consisting of:

> All persons in Missouri who purchased Duncan Hines Simple Mornings Blueberry Streusel Premium Muffin Mix for personal, household, or family purposes in the five years preceding the filing of this Petition (the "Class Period").

26.  Excluded from the Class are: (a) federal, state, and/or local governments, including, but not limited to, their departments, agencies, divisions, bureaus, boards, sections, groups, counsels, and/or subdivisions; (b) any entity in which Defendant has a controlling interest, to include, but not limited to, their legal representative, heirs, and successors; (c) all persons who are presently in bankruptcy proceedings or who obtained a bankruptcy discharge in the last three years; and (d) any judicial officer in the lawsuit and/or persons within the third degree of consanguinity to such judge.

27.  Upon information and belief, the Class consists of hundreds of purchasers. Accordingly, it would be impracticable to join all Class Members before the Court.

28.  There are numerous and substantial questions of law or fact common to all of the members of the Class and which predominate over any individual issues. Included within the common question of law or fact are:

   a.  Whether the "Nothing Artificial" claim on the product's label is false, misleading, and deceptive;

   b.  Whether Defendant violated the MMPA by selling the Mix with false, misleading, and deceptive representations;

6

  c. Whether Defendant's acts constitute deceptive and fraudulent business acts and practices or deceptive, untrue, and misleading advertising;

  d. Whether Defendant was unjustly enriched; and

  e. The proper measure of damages sustained by Plaintiff and Class Members.

29. The claims of the Plaintiff are typical of the claims of Class Members, in that they share the above-referenced facts and legal claims or questions with Class Members, there is a sufficient relationship between the damage to Plaintiff and Defendant's conduct affecting Class Members, and Plaintiff has no interests adverse to the interests other Class Members.

30. Plaintiff will fairly and adequately protect the interests of Class Members and have retained counsel experienced and competent in the prosecution of complex class actions including complex questions that arise in consumer protection litigation.

31. A class action is superior to other methods for the fair and efficient adjudication of this controversy, since individual joinder of all Class Members is impracticable and no other group method of adjudication of all claims asserted herein is more efficient and manageable for at least the following reasons:

  a. The claim presented in this case predominates over any questions of law or fact, if any exists at all, affecting any individual member of the Class;

  b. Absent a Class, the Class Members will continue to suffer damage and Defendants' unlawful conduct will continue without remedy while Defendant profits from and enjoys its ill-gotten gains;

  c. Given the size of individual Class Members' claims, few, if any, Class Members could afford to or would seek legal redress individually for the wrongs Defendant committed against them, and absent Class Members have

no substantial interest in individually controlling the prosecution of individual actions;

d. When the liability of Defendant has been adjudicated, claims of all Class Members can be administered efficiently and/or determined uniformly by the Court; and

e. This action presents no difficulty that would impede its management by the court as a class action, which is the best available means by which Plaintiff and members of the Class can seek redress for the harm caused to them by Defendant.

32. Because Plaintiff seeks relief for the entire Class, the prosecution of separate actions by individual members of the Class would create a risk of inconsistent or varying adjudications with respect to individual member of the Class, which would establish incompatible standards of conduct for Defendant.

33. Further, bringing individual claims would overburden the Courts and be an inefficient method of resolving the dispute, which is the center of this litigation. Adjudications with respect to individual members of the Class would, as a practical matter, be dispositive of the interest of other members of the Class who are not parties to the adjudication and may impair or impede their ability to protect their interests. As a consequence, class treatment is a superior method for adjudication of the issues in this case.

## CLAIMS FOR RELIEF

### Count I

### Violation of Missouri's Merchandising Practices Act

30. Plaintiff repeats and re-alleges the allegations of the preceding paragraphs as if fully set forth herein.

8

31. Missouri's Merchandising Practices Act (the "MMPA") prohibits the act, use, or employment by any person of any deception, fraud, false pretense, false promise, misrepresentation, unfair practice or the concealment, suppression, or omission of any material fact in connection with the sale or advertisement of any merchandise in trade or commerce § 407.020, RSMo.

32. Defendant's conduct constitutes the act, use or employment of deception, fraud, false pretenses, false promises, misrepresentation, unfair practices and/or the concealment, suppression, or omission of any material facts in connection with the sale or advertisement of any merchandise in trade or commerce because Defendant misrepresents that the Mix contains "Nothing Artificial" when it in fact contains the Artificial Ingredients.

33. The "Nothing Artificial" label on the Mix also creates the false impression and has the tendency and capacity to mislead consumers (*see* 15 CSR 60-9.020) into believing that the Mix does not contain any artificial, synthetic ingredients, when in fact the Mix contains the Artificial Ingredients.

34. Moreover, the overall format and appearance of the label of the Mix has the tendency and capacity to mislead consumers (15 C.S.R. 60-9.030) because it creates the false impression that the Mix does not contain any artificial, synthetic ingredients.

35. The product was therefore worth less than the product as represented, and Plaintiff and Class Members paid extra or a premium for it.

36. Neither Plaintiff nor any reasonable consumer would expect synthetic and artificial ingredients to be in a product labeled as containing "Nothing Artificial."

37. Neither Plaintiff nor any reasonable consumer would know nor should know that Monocalcium Phosphate and Xanthan Gum are artificial, synthetic ingredients.

38. Plaintiff and Class Members purchased the Mix for personal, family, or household purposes and thereby suffered an ascertainable loss as a result of Defendant's unlawful conduct as alleged herein, including the difference between the actual value of the product and the value of the product if it had been as represented.

39. Defendant's unlawful practices have caused similar injury to Plaintiff and numerous other persons. § 407.025.2.

### Count II

### Unjust Enrichment

40. Plaintiff repeats and re-alleges the allegations of the preceding paragraphs as if fully set forth herein.

41. By purchasing the Mix, Plaintiff and the class members conferred a benefit on Defendant in the form of the purchase price of the fraudulent product.

42. Defendant appreciated the benefit because, were consumers not to purchase the Mix, Defendant would have no sales and make no money.

43. Defendant's acceptance and retention of the benefit is inequitable and unjust because the benefit was obtained by Defendant's fraudulent and misleading representations about the Mix.

44. Equity cannot in good conscience permit Defendant to be economically enriched for such actions at Plaintiff and Class Members' expense and in violation of Missouri law, and therefore restitution and/or disgorgement of such economic enrichment is required.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff, individually and on behalf of all similarly situated persons, prays the Court:

a. Grant certification of this case as a class action;

b. Appoint Plaintiff as Class Representative and Plaintiff's counsel as Class Counsel;

c. Award compensatory damages to Plaintiff and the proposed Class, or, alternatively, require Defendant to disgorge or pay restitution of its ill-gotten gains;

d. Award pre- and post-judgment interest;

e. Award reasonable and necessary attorneys' fees and costs; and

g. For all such other and further relief as may be just and proper.

Dated: January 8, 2016

Erika Thornton, Individually, and on Behalf of a Class of Similarly Situated Individuals, Plaintiff

By: /s/ Matthew H. Armstrong
Matthew H. Armstrong (MoBar 42803)
ARMSTRONG LAW FIRM LLC
8816 Manchester Rd., No. 109
St. Louis MO 63144
Tel:   314-258-0212
Email: matt@mattarmstronglaw.com

Stuart L. Cochran (*pro hac vice application forthcoming*)
Texas State Bar No. 24027936
COCHRAN LAW PLLC
12720 Hillcrest Rd., Ste. 1045
Dallas, TX 75230
Tel:   214-300-1765
Email: scochran@scochranlaw.com

Attorneys for Plaintiff and the Putative Class