UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| ERIKA THORNTON, individually and on behalf of all others similarly situated in Missouri, | ) ) ) ) |
| Plaintiff, | ) ) |
| v. | ) No. 4:16-CV-00158 JAR ) |
| PINNACLE FOODS GROUP LLC, | ) ) |
| Defendant. | ) |

**MEMORANDUM AND ORDER**

This matter is before the Court on Defendant's Motion to Dismiss. (Doc. No. 6) The motion is fully briefed and ready for disposition.

**I.  Background**

Plaintiff Erika Thornton brought this putative class action in St. Louis City Circuit Court against Defendant Pinnacle Foods Group LLC ("Pinnacle"), asserting claims for violation of the Missouri Merchandising Practices Act (Count I) and unjust enrichment (Count II). She alleges that on at least one occasion in the five years preceding the filing of this action (the "Class period"), including in January 2016, she purchased a box of Duncan Hines Simple Mornings Blueberry Streusel Premium Muffin Mix (the "Mix"). (Complaint ("Compl."), Doc. No. 5 at ¶¶ 7, 25) Pinnacle has labeled the Mix as containing "Nothing Artificial." (Compl. at ¶¶ 2, 16) However, because the Mix contains monocalcium phosphate and xanthan gum, both of which are artificial, synthetic substances,[1] Plaintiff contends that Pinnacle's representation that the Mix contains "Nothing Artificial" is false, deceptive, and misleading. (Compl. at ¶¶ 4, 16) Pinnacle

---

[1] Monocalcium phosphate is an inorganic compound used as a leavening agent (Compl. at ¶ 18); xanthan gum is a polysaccharide used as a food-thickening agent (id. at ¶ 19).

removed the matter to this Court on February 5, 2016 (Doc. No. 1) and has moved to dismiss the complaint pursuant to Rules 8, 9(b) and 12(b)(6) of the Federal Rules of Civil Procedure.

## II. Legal standard

Rule 8 requires a plaintiff to set forth "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Such a statement must simply give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests. Erickson v. Pardus, 551 U.S. 89, 93 (2007) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007)). A motion to dismiss under Rule 12(b)(6) tests the legal sufficiency of that statement.

When determining whether a claim has been stated, the Court accepts as true all factual allegations in the complaint and views them in the light most favorable to the plaintiff. Kohl v. Casson, 5 F.3d 1141, 1148 (8th Cir. 1993). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citing Twombly, 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Gomez v. Wells Fargo Bank, N.A., 676 F.3d 655, 660 (8th Cir. 2012) (quoting Iqbal, 556 U.S. at 678). While a court must accept factual allegations as true, it is "not bound to accept as true a legal conclusion couched as a factual allegation." Carton v. Gen. Motor Acceptance Corp., 611 F.3d 451, 454 (8th Cir. 2010) (internal citations omitted). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Iqbal, 556 U.S. at 678 (internal citations omitted).

A claim sounding in fraud is subject to a heightened pleading standard wherein the plaintiff "must state with particularity the circumstances constituting fraud or mistake." Fed. R. Civ. P. 9(b). To satisfy this requirement, the pleader must generally set forth the "who, what, when, where, and how of the misconduct charged." BJC Health Sys. v. Columbia Cas. Co., 478 F.3d 908, 917 (8th Cir. 2007) (internal quotation marks and quoted cases omitted). "[C]onclusory allegations that a defendant's conduct was fraudulent and deceptive are not sufficient to satisfy the rule." Schaller Tel. Co. v. Golden Sky Sys., Inc., 298 F.3d 736, 746 (8th Cir. 2002) (quoting Commercial Prop. v. Quality Inns Int'l, Inc., 61 F.3d 639, 644 (8th Cir. 1995)).

### III. Discussion

**A. MMPA – Count I**

To state a claim under the Missouri Merchandising Practices Act ("MMPA"), Mo. Rev. Stat. § 407.020 et seq., a plaintiff must show that (1) she purchased merchandise from the defendant; (2) for personal, family, or household purposes; and (3) suffered an ascertainable loss; (4) as a result of an unlawful practice. Mo. Rev. Stat. § 407.025(1); Polk v. KV Pharm. Co., No. 4:09CV00588 SNLJ, 2011 WL 6257466, at *4 (E.D. Mo. Dec. 15, 2011). Under the MMPA, "[t]he act, use or employment by any person of any deception, fraud, false pretense, false promise, misrepresentation, unfair practice or the concealment, suppression, or omission of any material fact in connection with the sale or advertisement of any merchandise in trade or commerce...is declared to be an unlawful practice." Mo. Rev. Stat. § 407.020.1. The MMPA is interpreted broadly to promote its purpose to protect consumers. Huch v. Charter Commc'ns., Inc., 290 S.W.3d 721, 724 (Mo. 2009).

Citing orders of dismissal in Kelly v. Cape Cod Potato Chip Co. Inc., 81 F. Supp. 3d 754, 762 (W.D. Mo. 2015) and Murphy v. Stonewall Kitchen, LLC, No. 1522-CC00481 (22nd Judicial Circuit (St. Louis City) Jan. 26, 2016), Pinnacle argues that Plaintiff has failed to plausibly allege that the label "Nothing Artificial" would have deceived a "reasonable consumer," first because Plaintiff has failed to offer any definition of "artificial" that applies to monocalcium phosphate and xanthan gum (Doc. No. 7 at 3-7), and second, because monocalcium phosphate and xanthan gum are disclosed in the ingredient list on the back of the Mix box (id. at 7-8).[2] In Kelly, a consumer brought a putative class action against potato chip producers, alleging the chips were falsely labeled and marketed as "all natural." The court held that in the absence of any plausible definition for the term "natural," the plaintiff had failed to state a claim that the use of the term was deceptive or misleading under the MMPA. 81 F. Supp. 3d at 759-61. Murphy, another putative class action, involved a claim that a cupcake mix was deceptively labeled and marketed as "all natural" because it contained sodium acid pyrophosphate ("SAPP"), an artificial and/or synthetic substance. The court found as a matter of law that defendants' labeling of its cupcake mix was not deceptive or misleading because SAPP was specifically listed as an ingredient and dismissed plaintiff's MMPA claim.

The Court finds Pinnacle's arguments unpersuasive. Whether a reasonable consumer would be deceived by a product label is generally a question of fact that cannot be resolved on a

---

[2] Plaintiff objects to Pinnacle's introduction of the ingredient list in its motion to dismiss. (Doc. No. 9 at 1 n. 1) Plaintiff included a photograph of the "Nothing Artificial" label on the front of the Mix box in her complaint (see Compl. at ¶ 16) and Pinnacle included a photograph of the ingredient list on the back of the Mix box in its memorandum in support of its motion to dismiss (see Doc. No. 7 at 4). When ruling on a motion to dismiss under Rule 12(b)(6), the Court generally may not consider materials outside the pleadings. Thompson v. Allergan USA, Inc., 993 F. Supp. 2d 1007, 1011 (E.D. Mo. 2014) (citing Noble Sys. Corp. v. Alorica Cent., LLC, 543 F.3d 978, 982 (8th Cir. 2008). Here, however, the Court concludes that it may consider the entire product label for purposes of the instant motion because the Mix's labeling is "necessarily embraced by the pleadings." Id.; see also Stahl v. U.S. Dep't of Agric., 327 F.3d 697, 700 (8th Cir. 2003).

motion to dismiss.[3] See Anderson v. The Hain Celestial Group, Inc., 87 F. Supp.3d 1226, 1236 (N.D. Cal. 2015); Musgrave v. ICC/Marie Callender's Gourmet Products Division, No. 14CV02006 JST, 2015 WL 510919, at *6 (N.D. Cal. Feb. 5, 2015); Ham v. Hain Celestial Group, Inc., 70 F. Supp. 3d 1188, 1193 (N.D. Cal. 2014). Plaintiff alleges facts that, if true, establish a deceptive or false claim as to the Mix. Specifically, she alleges the Mix contains monocalcium phosphate and xanthan gum, both of which are artificial, synthetic substances. (Compl. at ¶ 3) The Court finds no basis to disregard those allegations, which identify the specific compounds that are purportedly "artificial." See Bohlke v. Shearer's Foods, LLC, No. 9:14CV80727, 2015 WL 249418, at *9 (S.D. Fla. Jan. 20, 2015) (citing Dye v. Bodacious Food Co., No. 9:14CV80627-WPD, DE 14, at 8-9 (S.D. Fla. Sept. 9, 2014)). Thus, Pinnacle's argument as to the meaning of "artificial" does not warrant a dismissal of any claims.

As for Pinnacle's "ingredient list defense," the Court finds it plausible that a consumer might rely on the representation "Nothing Artificial" without looking at the ingredients, or that a consumer might not know that monocalcium phosphate and xanthan gum are "artificial" ingredients. (See Doc. No. 9 at 8-10) This Court recently found that "the mere presence of an ingredient statement on the back of a product does not eliminate the possibility that reasonable consumers may be misled," and that the effect that an ingredient statement may have on a reasonable consumer's understanding of advertising and product labels involves a factual inquiry. Blue Buffalo Co. v. Nestle Purina Petcare Co., No. 4:15CV384 RWS, 2015 WL 3645262, at *5 (E.D. Mo. June 10, 2015) (internal citation and quotation mark omitted). Thus,

---

[3] The Court notes that in "rare" situations, Williams v. Gerber Products Co., 552 F.3d 934, 939 (9th Cir. 2008), courts have found a lack of deception as a matter of law. See, e.g., Werbel ex rel. Pepsico, Inc., No. 09CV04456-SBA, 2010 WL 2673860, at *3 (N.D. Cal. July 2, 2010) (a reasonable consumer would not be deceived into believing that cereal named "Crunch Berries" derived significant nutritional value from fruit). This case is not one of those rare situations.

Pinnacle's argument as to the inclusion of an ingredient list does not warrant a dismissal of any claims.

Next, Pinnacle argues Plaintiff has failed to plausibly allege an ascertainable loss. (Doc. No. 7 at 8-10) An ascertainable loss of money or property is an essential element of a cause of action brought under the MMPA. Grawitch v. Charter Commc'ns, Inc., No. 4:12CV01990 AGF, 2013 WL 253534, at *3 (E.D. Mo. Jan. 23, 2013). Missouri courts apply the "benefit of the bargain" rule when determining if a plaintiff has suffered an ascertainable loss under the MMPA. Thompson v. Allergan USA, Inc., 993 F. Supp. 2d 1007, 1012 (E.D. Mo. 2014) (citing Polk v. KV Pharm. Co., No. 4:09CV00588 SNLJ, 2011 WL 6257466, at *5 (E.D. Mo. Dec. 15, 2011) (citing Sunset Pools of St. Louis, Inc. v. Schaefer, 869 S.W.2d 883, 886 (Mo. Ct. App. 1994)). Under the benefit of the bargain rule as applied to MMPA claims, Plaintiff need only allege that the actual value of the product as purchased was less than the value of the product as represented to state a claim for an ascertainable loss. Kelly, 81 F. Supp.3d at 758-59.

Here, Plaintiff alleges she paid a premium for the Mix due to the "Nothing Artificial" labeling and that her damages include the "difference between the actual value of the product and the value of the product if it had been as represented." (Compl. at ¶¶ 22, 23, 35, 38) Based on these allegations, which the Court accepts as true for purposes of the instant motion, the Court finds Plaintiff has alleged a plausible theory of damages.

Pinnacle argues Plaintiff has failed to allege how much more she paid, how to calculate the price premium, what the actual value of the Mix is, or what the value of the Mix would have been if had been as represented. (Doc. No. 7 at 9) Similar arguments were rejected in Kelly:

> Defendants also argue that Plaintiff has failed to allege the amount of the price premium or what Defendants' Chips should have cost…Again, however, under the benefit of the bargain rule as applied to MMPA claims, Plaintiff need only allege that the actual value

of the product as purchased was less than the value of the product as represented to state a claim for an ascertainable loss.

81 F. Supp. 3d at 758-59. It is not for the Court to determine on a motion to dismiss precisely what damages, if any, Plaintiff may be entitled to. See Seidman v. Snack Factory, LLC, No. 14-62547-CIV, 2015 WL 1411878, at *3-4 (S.D. Fla. Mar. 26, 2015) (citing Iqbal, 556 U.S. at 679); Bohlke v. Shearer's Foods, LLC, No. 9:14CV80727, 2015 WL 249418, at *8 (S.D. Fla. Jan. 20, 2015). As noted by the court in Kelly, "[w]hether Plaintiff can present evidence to show the amount of her damages is a question of fact to be tested by summary judgment or trial, not by a motion to dismiss." Id. Pinnacle's motion to dismiss Count I of Plaintiff's complaint will be denied.

### B. Unjust enrichment – Count II

Pinnacle argues that Plaintiff's unjust enrichment claim fails because it is duplicative of her deficient MMPA claim, and because she cannot bring an equitable claim when she has an adequate remedy at law. (Doc. No. 7 at 11) As discussed above, the Court has determined that Plaintiff has plausibly alleged a claim under the MMPA. Moreover, it is generally permissible to pursue alternative theories at the pleading stage. Johnsen v. Honeywell Intern. Inc., 2015 WL 631361, at *11 (E.D. Mo. Feb. 12, 2015) (citing Level 3 Commc'ns, LLC v. Illinois Bell Tel. Co., No. 4:14CV1080 CEJ, 2014 WL 414908, at *6 (E.D. Mo. Feb. 4, 2014)). Thus, Pinnacle's motion to dismiss Count II of Plaintiff's complaint will be denied.

### C. Rule 9(b)

Lastly, Pinnacle argues Plaintiff has not satisfied Rule 9(b)'s particularity requirements. (Doc. No. 7 at 11-12) Specifically, Pinnacle contends Plaintiff has not pled any specific facts regarding her purchase of the Mix or information bearing on her understanding of the word "artificial." Further, Plaintiff has not alleged facts showing Pinnacle engaged in any fraudulent

scheme to increase profits by labeling the Mix as containing "Nothing Artificial" despite the presence of monocalcium phosphate and xanthan gum. (Doc. No. 7 at 11-12)

In order to articulate the elements of fraud with sufficient particularity, a plaintiff must state the "who, what, where, when, and how" of the alleged fraud. BJC Health Sys., 478 F.3d at 917. A plaintiff need not state each element of the fraud claim with particularity to satisfy this requirement; rather, a plaintiff "must state enough so that his/her pleadings are not merely conclusory." Roberts v. Francis, 128 F.3d 647, 651 (8th Cir. 1997).

The Court has carefully reviewed Plaintiff's complaint and concludes that it meets the standards of pleading with particularity as set forth in Rule 9(b) because it adequately alleges (i) the who: Pinnacle (Compl. at ¶ 1); (ii) the what: "Nothing Artificial" labeling on the Mix containing two synthetic ingredients, monocalcium phosphate and xanthan gum (Compl. at ¶¶ 1-5, 15-19, 32-34); (iii) the when: purchases made during the five years preceding the filing of the complaint, including in January 2016 (Compl. at ¶¶ 7, 25); (iv) the where: on the label of the Mix, a copy of which are attached to the complaint (Compl. at ¶¶ 2, 4, 5, 15, 16, 32-34); (v) and the how: by representing that the Mix contains "Nothing Artificial" when in fact it contains synthetic ingredients (Compl. at ¶¶ 1-5, 14-19, 32-34).

These allegations are similar to those found sufficient in Ham, 70 F. Supp. 3d 1188, a food-label case involving an "all natural" claim about waffles that contained a synthetic ingredient. There the court held plaintiff satisfied Rule 9(b)'s requirement for pleading fraud with particularity because she identified:

> (i) the who: Hain; (ii) the what: "All Natural" labeling on waffles containing SAPP, a synthetic ingredient; (iii) the when: purchases made between May 2012 and March 2014; (iv) the where: labels on the waffles, copies of which [were] attached to the complaint; (v) and the how: purchases made with reasonable reliance on the "All Natural" statement.

Id. at 1194-95. Likewise, in Astiana v. Ben & Jerry's Homemade, Inc., Nos. C 10-4387 PJH, C 10-4937 PJH, 2011 WL 2111796, at *6 (N.D. Cal. May 26, 2011), the court held plaintiffs adequately pled their claims under Rule 9(b) because the court could discern:

> The "who" is [defendants] Ben & Jerry's, Breyers, and Unilever. The "what" is the statement that ice cream containing alkalized cocoa is "all natural." The "when" is alleged as "since at least 2006," and "throughout the class period." The "where" is on the ice cream package labels. The "how the statements were misleading" is the allegation that defendants did not disclose that the alkalizing agent in the alkalized cocoa was potassium carbonate, which plaintiffs allege is a "synthetic.

See also, Duran v. Creek, No. 3:15CV05497 LB, 2016 WL 1191685 (N.D. Cal. Mar. 28, 2016) (plaintiff adequately pled his claims under Rule 9(b) by identifying: 1) the who: Hampton Creek; 2) the what: "Just Mayo" and an image of an egg on the front label of eight-ounce containers of Just Mayo; 3) the when: purchases made during the class period; 4) the where: the front labels on the Just Mayo products; and 5) the how: purchases made while reasonably believing that "Just Mayo" means "mayonnaise," which commonly includes eggs; Janney v. Mills, 944 F. Supp. 2d 806, 817-18 (N.D. Cal. 2013) (explaining that Rule 9(b) is satisfied where plaintiffs alleged the terms "Natural" or "100% Natural" were deceptively used on the packaging or advertising because those products contain HFCS, HMCS, and/or Maltodextrin as ingredients; that during the class period, plaintiffs purchased specific Nature Valley products; that plaintiffs purchased "certain varieties" of Nature Valley bars "relying on the claims that they were "Natural"; and that General Mills represented products were "natural" in order to "capitalize on" "all-natural foods"); Chacanaca v. Quaker Oats Co., 752 F. Supp. 2d 1111, 1126 (N.D. Cal. 2010) (stating that Rule 9(b) is met where plaintiff identifies particular statements alleged to be misleading, the basis for contention, where the statements appear, and the relevant time period in which statements were used). Thus, Pinnacle's motion to dismiss on Rule 9(b) grounds will be denied.

Accordingly,

**IT IS HEREBY ORDERED** that Defendant's Motion to Dismiss [6] is **DENIED.**

**IT IS FURTHER ORDERED** that a Rule 16 conference will be set by separate order.

Dated this 1st day of August, 2016.

_____
**JOHN A. ROSS**
**UNITED STATES DISTRICT JUDGE**