## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MISSOURI
## EASTERN DIVISION

| | |
|---|---|
| ERIKA THORNTON, individually and on behalf of all others similarly situated in Missouri,<br><br>   Plaintiff,<br><br> vs.<br><br>PINNACLE FOODS GROUP LLC,<br><br>   Defendant. | Case No. 4:16-cv-00158-JAR |

## DEFENDANT PINNACLE FOODS GROUP LLC'S MOTION TO STAY

  Defendant Pinnacle Foods Group LLC ("Pinnacle" or "Defendant") hereby moves to stay this action under the primary jurisdiction doctrine while the Food and Drug Administration ("FDA") resolves important food labeling issues presented by Plaintiff's claims.

  The FDA has published an official Notice and Request for Comment, seeking public comment on the use of the term "natural" for the purpose of potential future rulemaking. *See Use of the Term "Natural" in the Labeling of Human Food Products; Request for Information and Comments*, 80 Fed. Reg. 69905 (Nov. 12, 2015). Judge Carol Jackson recently granted a motion to stay in a similar "all natural" case, holding that "[i]n light of the FDA's ongoing examination of the appropriate regulation of the terms that form the basis of plaintiff's claims in this lawsuit, the Court finds that it is appropriate to defer to the agency's 'expert and specialized knowledge' in order to obtain 'desirable uniformity'" in the law. *George v. Blue Diamond Growers*, 2016 WL 1464644, at *3 (E.D. Mo. Apr. 16, 2016) (citing *City of Osceola, Ark. v. Entergy Arkansas, Inc.*, 791 F.3d 904, 904-909 (8th Cir. 2015)). Judge Jackson's order followed a similar order from the Ninth Circuit in March staying a case involving "natural" yogurt on primary jurisdiction grounds. *Kane v. Chobani, LLC*, 2016 WL 1161782, at *1 (9th Cir. Mar.

24, 2016).  The Ninth Circuit held that "[t]he delineation of the scope and permissible usage of the term[] 'natural' … in connection with food products implicates technical and policy questions that should be addressed in the first instance by the agency with regulatory authority over the relevant industry rather than by the judicial branch ….  Given the ongoing FDA proceedings regarding the term 'natural[,]' … we conclude that resolution of this action will not be needlessly delayed and that judicial resources will be conserved by staying these proceedings."  *Id.* (internal quotation marks and citations omitted).

A stay would promote uniformity in the administration of food labeling laws with regard to the terms at issue here, and would promote uniformity of law in this District.  Moreover, a stay is appropriate to permit the FDA to exercise its "expert and specialized knowledge" on the subject of natural vs. artificial ingredients.

For the foregoing reasons, and those in the memorandum accompanying this motion, Pinnacle moves to stay this action pending the FDA's consideration and resolution of issues related to the use of the term "natural" and similar terms on food labels.

DATED:  August 3, 2016                                         Respectfully submitted,

                                                               SHOOK, HARDY & BACON L.L.P.

                                                          By:  /s/ James P. Muehlberger
                                                               James P. Muehlberger, #51346MO
                                                               Douglas B. Maddock, Jr., #53072MO
                                                               2555 Grand Blvd.
                                                               Kansas City, MO 64108
                                                               Telephone:  (816) 474-6550
                                                               Facsimile:  (816) 421-5547
                                                               jmuehlberger@shb.com
                                                               dmaddock@shb.com

                                                               *Attorneys for Defendant*
                                                               *Pinnacle Foods Group LLC*

## CERTIFICATE OF SERVICE

I hereby certify that on August 3, 2016, the foregoing document was served upon the following via the Court's electronic filing system and/or electronic mail:

Matthew H. Armstrong
Armstrong Law Firm LLC
8816 Manchester Rd., No. 109
St. Louis, MO 63144
matt@mattarmstronglaw.com

*Attorney for Plaintiff*

       /s/ James P. Muehlberger
*Attorney for Defendant Pinnacle Foods Group LLC*

7706473 v2